AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT CO...

for the

Eastern District of California

FILED

SEP 2 0 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

|  |  |
|---|---|
| In the Matter of the Search of: ) ) A green 1997 Toyota Avalon, with California ) license plate 6RAZ029. ) ) | Case No. |

2:18-SW - 802   CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**See ATTACHMENT B, attached hereto and incorporated by reference.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846 | Conspiracy to distribute, and to possess with intent to distribute, methamphetamine. |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute methamphetamine. |

The application is based on these facts:

**See Affidavit of ATF Special Agent Matthew C. Ryckman, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Matthew C. Ryckman, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    September 20, 2018

_____
*Judge's signature*

City and state:    Sacramento, California

Hon. Carolyn K. Delaney, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT OF SPECIAL AGENT MATTHEW C. RYCKMAN IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Matthew C. Ryckman, being duly sworn, depose and state the following:

### Purpose

1.     This Affidavit is made in support of a search warrant for:

   a.     **A green 1997 Toyota Avalon, with California license plate 6RAZ029**, a vehicle more fully described in Attachment A;

for the evidence described in Attachment B.

### Affiant's Background and Experience

2.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since August 2016. I graduated from the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, Brunswick, Georgia, and the ATF's National Academy, also in Brunswick, Georgia. During these programs, I received training in the investigation of federal firearm and explosives violations. As an ATF Special Agent, I have conducted and participated in numerous investigations related to the unlawful possession and manufacture of firearms, in violation of Titles 18 and 26 of the United States Code.

3.     Prior to becoming a Special Agent, I served as a Police Officer with the Baltimore Police Department (BPD) for approximately eight years. I received my law enforcement certification through the Maryland Police Training Commission after attending the Baltimore Police Academy for 6 months. During my tenure with the BPD, I worked as a uniformed patrol officer, a member of the Special Weapons and Tactics Team (SWAT), a member of the Special Enforcement Section (SES), and a Detective and Task Force Officer with the Drug Enforcement Administration's High Intensity Drug Trafficking Area (HIDTA), Group 54.

4.     I have participated in all facets of criminal investigations during my 10-year career in law enforcement, including physical and electronic surveillance, executing search warrants, use of GPS data and tracking devices, interviews, and arrests. In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

5.     I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

1

6.     Unless stated otherwise, I have personal knowledge of all of the matters set forth in this Affidavit. To the extent any information in this Affidavit is not within my personal knowledge, it was made known to me through my own review of the documents discussed in this Affidavit and through reliable law enforcement sources, including discussions with other law enforcement officers assigned to this case. Furthermore, because I am submitting this Affidavit for the limited purpose of securing search warrants for the locations described above, and a complaint and arrest warrants for the four defendants identified above, I have not included every fact known to me about this investigation. I have only included those facts I believe are necessary to establish probable cause for the search / arrest warrants and the complaint requested herein.

## **Statement of Probable Cause**

Background of investigation

7.     This investigation began in May 2018, when an ATF confidential source made contact with LATRYELL Caldwell and his brother ISMAEL Caldwell, about purchasing firearms from them. Since then, ATF has conducted 25 controlled buys with the two men, with the most recent purchase taking place on September 15, 2018.

8.     In all, ATF has purchased 45 firearms and 80 conversion sears[1] from LATRYELL and ISMAEL, and spent over $138,000 in controlled buy funds during this investigation. Nearly all of these firearms—40 of the 45—have been "ghost guns": custom-made AR-15-style assault rifles and pistols with no manufacturer's markings and no serial numbers.

9.     Throughout this investigation, and until just recently, LATRYELL and ISMAEL have been using the same sources of supply for most of the firearms and conversion sears they sold to the ATF. These sources have been identified as Somphong VONGSUWAN and Tony THATSANA. Both men are documented with the Stockton Police Department as members of the Asian Boyz and Badland Boys street gangs, respectively. LATRYELL identifies himself as a member of the Bloods street gang.

10.    At no time during this investigation did LATRYELL, ISMAEL, VONGSUWAN, or THATSANA have a license to sell or manufacture firearms. And, at no time relevant to this investigation did any of the four men have an application to sell or manufacture firearms pending with the Secretary of the Treasury. In addition, LATRYELL, VONGSUWAN, and THATSANA have all been convicted of felony offenses, and thus, they are prohibited from possessing firearms and ammunition.

---

[1] Conversion sears are installed on the back-plate of a Glock-type pistol's firearm slide. They make the pistol capable of functioning in a fully automatic capacity.

2

11.     During this investigation, I have obtained numerous court orders that have allowed ATF to conduct surveillance on the target subjects and their associates, including vehicle trackers for LATRYELL and ISMAEL's Acura and VONGSUWAN's Honda, a pole camera installed on the 400 block of Jill Circle, and telephone orders that have allowed ATF to review calling records, pen registers and trap-and-trace devices, and geo-location information for the cellular telephones used by LATRYELL and VONGSUWAN.

Execution of 10 search warrants on September 20, 2018.

12.     As noted above, the ATF has purchased over 40 firearms and 80 conversion sears from the CALDWELL brothers over the course of 25 controlled buys. I communicated with LATRYELL CALDWELL one more time in the last week to coordinate one final controlled buy, to coincide with the takedown of this case on September 20, 2018. The details of that communication are provided below.

13.     On September 19, 2018, United States Magistrate Judge Carolyn K. Delaney, Eastern District of California, signed a criminal complaint and arrest warrants for LATRYELL, ISMAEL, VONGSUWAN, and THATSANA. *See* 2:18-mj-0181-CKD (E.D. Cal.) (under seal). In addition, ATF obtained warrants that authorized law enforcement to search two locations in Sacramento and eight locations in Stockton, California. I detailed the full history of this investigation in the 62-page affidavit provided in support of the complaint and search /arrest warrants.

14.     For purposes of this Affidavit, I note that the most recent (25th) controlled purchase took place on Saturday, September 15, 2018, at the In-N-Out parking lot on Alta Arden in Sacramento. During this controlled buy, I purchased two conversion sears, an AR-15-stype rifle (unknown manufacturer; no serial number), and a Smith & Wesson 9mm handgun (s/n: HFC0282) from LATRYELL and ISMAEL for $3,800.



3

15. During the bulk of the 25 controlled buys in this case, LATRYELL and ISMAEL arrived in a silver Acura. However, for the September 15 purchase, the two men arrived in a green 1997 Toyota Avalon, with California license plate 6RAZ029. During the transaction, LATRYELL told that he sold the Acura and that he talked with his associate and that he [LATRYELL] was going to start rotating vehicles, in my belief, in an effort to thwart law enforcement.

16. A records check shows that this vehicle is registered to "Joann Fluckes, 1915 Juliesse Avenue, Sacramento, CA 95815."

17. In the days following the September 15 purchase, I spoke with LATRYELL about purchasing one pound of methamphetamine and a 1911-type firearm. We eventually agreed to meet at the In-N-Out on Thursday, September 20, 2018, at 10:00 a.m.

18. Last night (Sept. 19), at approximately 11:00 p.m., LATRYELL confirmed that he was in possession of the pound of methamphetamine and that the transaction was a go.

19. On September 20, 2018, at approximately 6:00 a.m., law enforcement executed the search warrants at eight of the ten search locations. One of the houses searched was located at 1530 Orlando Way in Sacramento. This is LATRYELL and ISMAEL's primary residence, and agents have seen both men traveling to and from this house before and after controlled buys throughout this investigation.

20. The search warrant for 1530 Orlando Way authorized officers to search five separate vehicles located at that address, but the authorization did not include authorization to search the 1997 Toyota Avalon with California plate 6RAZ029.

21. As I note, agents executed the search warrant at 1530 Orlando Way on September 20, and arrested LATRYELL and ISMAEL on site. Agents found a 1911-type handgun inside the house.

22. Afterwards, I advised LATRYELL of his Miranda rights. LATRYELL acknowledged that he understood his rights and agreed to speak with me. During our interview, I told LATRYELL that agents were still looking for the crystal methamphetamine that he acquired and confirmed that he had (the night before), and that I had spoken with VONGSUWAN following his arrest, and that VONGSUWAN had admitted to selling LATRYELL the pound of methamphetamine.

23. At that point, I asked LATRYELL if he would help agents find the methamphetamine. He said that he didn't know where it was. I asked where LATRYELL had stored the narcotics, and he said, "no where." I asked LATRYELL if the drugs were still in the Toyota, and I clarified that I did not mean his girlfriend's Toyota Camry, which is similar in appearance to the 1997 Toyota Avalon. LATRYELL did not confirm or deny that the drugs were in the Avalon.

4

24.     Based on the fact LATRYELL confirmed at 11:00 p.m. on September 19, 2018 that he was in possession of the one pound of methamphetamine, and the fact that agents searched the premises at 1530 Orlando Way, as well as several vehicles associated with that address, none of which contained any controlled substances, I believe that LATRYELL is storing the one pound of methamphetamine in the 1997 Toyota Avalon. This belief is furthered by the fact that LATRELL was driving this car for the September 15 controlled purchase, as well as the fact that he was supposed to meet with me at 10:00 a.m. on September 20 to sell me a pound of methamphetamine. I further note that agents executed a search warrant at LATRYELL and ISMAEL's storage unit at 1300 El Camino Avenue, Unit 5042, on September 20 and did not find any controlled substances inside the unit.

## Conclusion

25.     Based on the facts set forth above, there exists probable cause to believe that the LATRYELL CALDWELL is storing methamphetamine for distribution inside the 1997 Toyota Avalon. Accordingly, I request that a search warrant be issued for the locations described in Attachment A, for the evidence described in Attachment B.

        I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Matthew C. Ryckman
Special Agent
Bureau of Alcohol, Tobacco, Firearms
        and Explosives

Sworn to and subscribed before me on September 20, 2018.

Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

Timothy H. Delgado
Assistant United States Attorney

5

# Attachment A

<u>Vehicle to be Searched</u>:

A green 1997 Toyota Avalon, with California license plate 6RAZ029.  This vehicle is registered to
"Joann Fluckes, 1915 Juliesse Avenue, Sacramento, CA 95815."



(Photo of the 1997 Toyota Avalon parked on Orlando Way in Sacramento.
This photo was taken on September 20, 2018.)

6

# Attachment B

### Items to be Seized

Law enforcement is authorized to search and seize property that constitutes evidence, fruits, and instrumentalities of violations of the following federal statutes (the "Target Offenses"), believed to be committed by LATRYELL and ISMAEL CALDWELL, Somphong Xai VONGSUWAN, Tony THATSANA, and their co-conspirators and accomplices:

- 18 U.S.C. §§ 371 and 922(a)(1)(A) – Conspiracy to deal firearms without a license
- 18 U.S.C. §§ 371 and 922(o) – Conspiracy to transfer a machinegun
- 18 U.S.C. § 922(a)(1)(A) – Dealing firearms without a license
- 18 U.S.C. § 922(g)(1) – Possessing a firearm as a felon
- 18 U.S.C. § 922(o) – Unlawfully transferring a machinegun
- 26 U.S.C. § 5861(d) – Illegal possession of an unregistered firearm
- 26 U.S.C. § 5861(i) – Illegal possession of an unserialized firearm
- 21 U.S.C. § 841(a)(1) – Distributing less than 50 kilograms of marijuana

As further described in the Affidavit, the specific evidence, fruits, and instrumentalities of the Target Offenses for which agents may search includes:

1. Handguns, pistols, shotguns, rifles, explosives, magazines, sights, silencers, and other firearms/incendiary devices and ammunition that may be used to facilitate the unlawful dealing in firearms by the CALDWELLs, VONGSUWAN, THATSANA, or others.

2. Controlled substances, including methamphetamine, or items frequently used to distribute methamphetamine; drug-trafficking paraphernalia, including scales, measuring devices, and weighing devices; narcotics diluting or cutting agents; narcotics packaging materials, including plastic, tin foil, cellophane, jars, plastic bags, and containers; and plastic surgical gloves;

3. Bulk United States and foreign currency linked to drug-trafficking and/or the proceeds of drug trafficking;

4. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notations, logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed;

5. Telephone paging devices, beepers, mobile phones, car phones, answering machines and tapes, and other communication devices which could be used to participate in a conspiracy to distribute controlled substances and/or firearms;

6. Bank account records, wire transfer records, bank statements, safety deposit keys and records, money wrappers, money containers, income tax returns, evidence of financial

7

transfer, or movement of money generated from the sale of narcotics;

7.    Personal telephone books, address books and other such address listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes connected to drug trafficking, personal notes and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking activities;

8.    Financial instruments purchased with large amounts of currency derived from the sale of controlled substances, including traveler's checks, bonds, stock certificates, cashier's checks and certificates of deposit; money counting machines, money wrappers and bags used to carry controlled substances;

9.    Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds from the sale of controlled substances;

10.   Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

11.   Gang indicia;

12.   Indicia of occupancy, residency, control or ownership of the premises and things described in this warrant, including utility bills, telephone bills, loan payment receipts, rent documents, canceled envelopes and keys, photographs, and bank records; and

13.   All names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on a server and associated with mobile telephones that are associated with LATRYELL and ISMAEL CALDWELL, Somphong VONGSUWAN, Tony THATSANA, and their associates, during execution of the warrant. The authority to search such mobile phones includes the following within each mobile telephone:

   A.   Call history (incoming, outgoing, missed);
   B.   Text messaging history (incoming, outgoing, drafts);
   C.   Contacts list;
   D.   Data screen or file identifying the telephone number associated with the mobile telephone searched;
   E.   Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
   F.   Voicemail;
   G.   User-entered messages (such as to-do lists);
   H.   Photographs; and
   I.   Any passwords used to access the electronic data described above.

# # #

8

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of: | ) | |
| | ) | |
| A green 1997 Toyota Avalon, with California license plate | ) | Case No. 2 1 8 - SW - 8 0 2   CKD |
| 6RAZ029. | ) | |
| | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____CALIFORNIA_____
*(identify the person or describe the property to be searched and give its location)*:

**See ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**See ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____October 4, 2018_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐  for  30  days *(not to exceed 30)*  ☐  until, the facts justifying, the later specific date of _____.

Date and time issued:  9/20/2018 1:45 pm          _____
                                                                            *Judge's signature*

City and state:     Sacramento, California          Hon. Carolyn K. Delaney, U.S. Magistrate Judge
                                                                            *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

### Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____          _____
            Signature of Judge                                    Date

# **Attachment A**

<u>Vehicle to be Searched</u>:

A green 1997 Toyota Avalon, with California license plate 6RAZ029.  This vehicle is registered to "Joann Fluckes, 1915 Juliesse Avenue, Sacramento, CA 95815."



(Photo of the 1997 Toyota Avalon parked on Orlando Way in Sacramento.
This photo was taken on September 20, 2018.)

6

## **Attachment B**

### **Items to be Seized**

Law enforcement is authorized to search and seize property that constitutes evidence, fruits, and instrumentalities of violations of the following federal statutes (the "Target Offenses"), believed to be committed by LATRYELL and ISMAEL CALDWELL, Somphong Xai VONGSUWAN, Tony THATSANA, and their co-conspirators and accomplices:

- 18 U.S.C. §§ 371 and 922(a)(1)(A) – Conspiracy to deal firearms without a license
- 18 U.S.C. §§ 371 and 922(o) – Conspiracy to transfer a machinegun
- 18 U.S.C. § 922(a)(1)(A) – Dealing firearms without a license
- 18 U.S.C. § 922(g)(1) – Possessing a firearm as a felon
- 18 U.S.C. § 922(o) – Unlawfully transferring a machinegun
- 26 U.S.C. § 5861(d) – Illegal possession of an unregistered firearm
- 26 U.S.C. § 5861(i) – Illegal possession of an unserialized firearm
- 21 U.S.C. § 841(a)(1) – Distributing less than 50 kilograms of marijuana

As further described in the Affidavit, the specific evidence, fruits, and instrumentalities of the Target Offenses for which agents may search includes:

1. Handguns, pistols, shotguns, rifles, explosives, magazines, sights, silencers, and other firearms/incendiary devices and ammunition that may be used to facilitate the unlawful dealing in firearms by the CALDWELLs, VONGSUWAN, THATSANA, or others.

2. Controlled substances, including methamphetamine, or items frequently used to distribute methamphetamine; drug-trafficking paraphernalia, including scales, measuring devices, and weighing devices; narcotics diluting or cutting agents; narcotics packaging materials, including plastic, tin foil, cellophane, jars, plastic bags, and containers; and plastic surgical gloves;

3. Bulk United States and foreign currency linked to drug-trafficking and/or the proceeds of drug trafficking;

4. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notations, logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed;

5. Telephone paging devices, beepers, mobile phones, car phones, answering machines and tapes, and other communication devices which could be used to participate in a conspiracy to distribute controlled substances and/or firearms;

6. Bank account records, wire transfer records, bank statements, safety deposit keys and records, money wrappers, money containers, income tax returns, evidence of financial

transfer, or movement of money generated from the sale of narcotics;

7.   Personal telephone books, address books and other such address listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes connected to drug trafficking, personal notes and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking activities;

8.   Financial instruments purchased with large amounts of currency derived from the sale of controlled substances, including traveler's checks, bonds, stock certificates, cashier's checks and certificates of deposit; money counting machines, money wrappers and bags used to carry controlled substances;

9.   Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds from the sale of controlled substances;

10.  Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

11.  Gang indicia;

12.  Indicia of occupancy, residency, control or ownership of the premises and things described in this warrant, including utility bills, telephone bills, loan payment receipts, rent documents, canceled envelopes and keys, photographs, and bank records; and

13.  All names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on a server and associated with mobile telephones that are associated with LATRYELL and ISMAEL CALDWELL, Somphong VONGSUWAN, Tony THATSANA, and their associates, during execution of the warrant. The authority to search such mobile phones includes the following within each mobile telephone:

   A.   Call history (incoming, outgoing, missed);
   B.   Text messaging history (incoming, outgoing, drafts);
   C.   Contacts list;
   D.   Data screen or file identifying the telephone number associated with the mobile telephone searched;
   E.   Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
   F.   Voicemail;
   G.   User-entered messages (such as to-do lists);
   H.   Photographs; and
   I.   Any passwords used to access the electronic data described above.

### #